NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
-------------------------------------------------  :
CUSTOM RESINS, INC.,                               :
                                                   :
                    Plaintiff,                     :
                                                   :
       v.                                          :   Civil Action No. 10-1457 (SRC) (MAS)
                                                   :
HARTFORD STEAM BOILER                              :
INSPECTION AND INSURANCE                           :           OPINION
COMPANY and VERLAN FIRE                            :
INSURANCE COMPANY,                                 :
                                                   :
                    Defendants.                    :
-------------------------------------------------  :
```

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on two motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56: 1) the motion by Defendant Hartford Steam Boiler Inspection and Insurance Company ("Hartford"); and 2) the motion by Defendant Verlan Fire Insurance Company ("Verlan.") For the reasons stated below, the motions will be granted.

In brief, this dispute arises from an action by the insured, Custom Resins, Inc. ("Custom"), to compel coverage for a loss under insurance policies issued by each Defendant. Hartford and Verlan have each moved for summary judgment that Custom's claims are barred by a two-year limitation of action provision in each of the policies at issue. There is no dispute that the loss occurred on March 7, 2006, and that Custom did not file suit within two years of this date. Custom contends that this action is not barred by the contractual limitation of action provisions because, under New Jersey law, the running of the limitations period was tolled until a formal denial was issued. The insurers contend that it is Kentucky law, and not New Jersey's,

that this Court should apply to decide the question of whether the provision may be tolled.

The parties agree that the threshold issue for the Court is the choice of law between that of the forum state, New Jersey, and the state of the insured property, Kentucky. A federal district court sitting in diversity must apply the choice of law principles of the forum state. <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496-97 (1941). Under the inquiry established by the New Jersey Supreme Court, "[p]rocedurally, the first step is to determine whether an actual conflict exists. That is done by examining the substance of the potentially applicable laws to determine whether 'there is a distinction' between them." <u>P.V. ex rel. T.V. v. Camp Jaycee</u>, 197 N.J. 132, 143 (2008).

Plaintiff contends that no actual conflict exists between the laws of New Jersey and Kentucky as to whether a contractual limitation of action provision may be tolled. Yet, Plaintiff concedes that "there is, effectively, no Kentucky law on the issue," while New Jersey law mandates tolling. (Pl.'s Opp. Br. 7.) These concessions completely undermine Plaintiff's position, since Plaintiff concedes that there is a distinction between the relevant laws of the two states – which is all that the New Jersey Supreme Court requires, under <u>Camp Jaycee</u>. Plaintiff concedes that no Kentucky law permits tolling, while New Jersey law mandates it. Both the distinction and the conflict of laws between the two states are clear.

Furthermore, in <u>Smith v. Allstate Ins. Co.</u>, 403 F.3d 401, 404 (6th Cir. 2005), the Sixth Circuit directly addressed the question of Kentucky's law on tolling of contractual limitation provisions. After reviewing Kentucky's case law and statutory law, the Sixth Circuit concluded:

> First, the Smiths argue that a limitations period in an insurance contract should be tolled from the time the insurer receives notice of a loss until the time it refuses to pay. This argument is not supported by Kentucky case law. As we have seen,

> Kentucky's highest court, in *Ashland Finance* and *Edmondson*, and its intermediate appellate court, in *Webb* and *Hale*, have given effect to limitations periods expiring one year after the insured's loss (or discovery of the loss). Neither these cases nor any other Kentucky case of which we are aware suggest that the limitations period can be tolled until the denial of the insured's claim. Absent some reason to suppose that the Kentucky courts would embrace such a rule, we must reject the Smiths' argument.

Id. at 406.  The Sixth Circuit clearly concluded that Kentucky law does not allow tolling of a limitations provision.  Plaintiff has shown no basis for this Court to conclude that the Sixth Circuit erred in its assessment of Kentucky law.  This Court finds that Kentucky law does not allow tolling of a limitations provision, and it therefore conflicts with the law of New Jersey.

This Court rejects the rest of Plaintiff's argument, which relies on this faulty fundamental proposition that there is no actual conflict of laws.  There is a conflict, as Plaintiff has all but admitted, and now this Court must follow New Jersey's rules for choosing the law to be applied.

In disputes involving casualty insurance contracts, New Jersey applies § 193 of the Restatement (Second) of the Conflict of Laws (1971).  Pfizer, Inc. v. Emplrs Ins., 154 N.J. 187, 194 (1998).  Section 193 states:

> The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

The parties do not dispute that the principal location of the insured risk during the term of the policy is in the state of Kentucky.  Under New Jersey's choice of law rules, then, this Court applies the law of the state of Kentucky.  Plaintiff concedes that Kentucky has no law which allows tolling of contractual limitations provisions.  Under these provisions, the time for suit ran

out before Plaintiff filed suit, and Plaintiff's claims are therefore time-barred.

Defendants have shown that they are entitled to judgment as a matter of law. The motions for summary judgment will be granted, and Judgment will be entered in Defendants' favor on all claims in the Complaint.

       s/ Stanley R. Chesler
    Stanley R. Chesler, U.S.D.J.