<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

--------------------------------------------------- :
CUSTOM RESINS, INC.,                             :
                                                 :
                          Plaintiff,             :
                                                 :
v.                                               :        Civil Action No. 10-1457 (SRC) (MAS)
                                                 :
HARTFORD STEAM BOILER                            :           **OPINION & ORDER**
INSPECTION AND INSURANCE                         :
COMPANY and VERLAN FIRE                          :
INSURANCE COMPANY,                               :
                                                 :
                          Defendants.            :
--------------------------------------------------- :

<u>**CHESLER**</u>, **U.S.D.J.**

This matter comes before the Court on the motion for reconsideration of this Court's

Opinion and Order of December 22, 2010 filed by Plaintiff Custom Resins, Inc.  For the reasons

stated below, the motion for reconsideration will be denied.

"A court may grant a motion for reconsideration if the moving party shows one of the

following: (1) an intervening change in the controlling law; (2) the availability of new evidence

that was not available when the court issued its order; or (3) the need to correct a clear error of

law or fact or to prevent manifest injustice."  See <u>Banda v. Burlington County</u>, 263 Fed. Appx.

182, 183 (3d Cir. 2008) (citing <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir.

1999)); L. Civ. R. 7.1(i).

Plaintiff seeks reconsideration of the Opinion and Order of December 22, 2010 based on

two arguments.  First, Plaintiff argues that this Court erroneously relied on <u>P.V. ex rel. T.V. v.</u>

<u>Camp Jaycee</u>, 197 N.J. 132 (2008), when it should have relied on <u>Int'l Flavors & Fragrances, Inc.</u>

v. McCormick & Co., 575 F. Supp. 2d 654, 658 (D.N.J. 2008).  Plaintiff does not explain how the opinion of a sister court might constitute controlling authority, nor how any district court could be higher authority on a question of New Jersey law than the New Jersey Supreme Court. Plaintiff disagrees with this Court's conclusion that no Kentucky law permits tolling, but does not demonstrate that this conclusion is clearly in error.  Nor has Plaintiff persuaded this Court that, in Smith v. Allstate Ins. Co., 403 F.3d 401, 405 (6th Cir. 2005), the Sixth Circuit was in error in its reading of Ashland Finance Co. v. Hartford Acci. & Indem. Co., 474 S.W.2d 364, 366 (Ky. 1971).  This Court sees no clear error of law.

Second, Plaintiff argues that, even if this Court were to apply Kentucky law to the issue of tolling, factual issues preclude the grant of summary judgment.  Plaintiff contends that the disputed factual question is whether the insurance carriers misled Plaintiff.  The problem with this argument is that it depends on this Court's accepting Plaintiff's erroneous interpretation of Federal Life Ins. Co. v. Holmes' Committee, 232 Ky. 834, 840 (Ky. App. Ct. 1930).  Plaintiff complains that this Court overlooked its argument about Holmes in the Opinion of December 22, 2010.  This Court did not find the argument substantial enough to merit comment at that time.

On reconsideration, Plaintiff has not persuaded this Court that Holmes demonstrates that Kentucky law recognizes tolling of a limitation of action provision in an insurance contract. Rather, it appears that Plaintiff has entirely misinterpreted Holmes.  Consider the two most recent Kentucky Supreme Court cases to cite Holmes: Metropolitan Life Ins. Co. v. Nusz, 261 Ky. 281, 284 (Ky. 1935), and Northwestern Mut. Life Ins. Co. v. Carneal, 262 Ky. 665, 669 (Ky. 1935). In Northwestern, the Kentucky Supreme Court cited Holmes in support of excusing a contractual condition precedent to coverage.  Plaintiff has presented no excuse of condition precedent

2

argument to this Court.  In <u>Metropolitan</u>, the Kentucky Supreme Court cited <u>Holmes</u> in support of this proposition: "In all recent cases involving policies containing provisions of this character, it has been held in harmony with the general trend of authority that notice or proof shall be furnished within the time specified in the policy contract."  261 Ky. at 284.  <u>Holmes</u> concerns the excuse of a condition precedent to insurance coverage, notice of claim by the insured.  It does not concern the tolling of a limitation of action provision.  Plaintiff has failed to show a clear error of law.  Plaintiff has shown no basis for reconsideration.

For these reasons,

**IT IS** on this 16th day of February, 2011,

**ORDERED** that Plaintiff's motion for reconsideration (Docket Entry No. 33) is **DENIED.**

        s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.